Calhoun A. SMITH, Plaintiff,

v.

L.M. BERRY & COMPANY, Defendant.

No. C–3–85–649.

United States District Court, S.D. Ohio, W.D.

Aug. 21, 1986.

Gordon H. Savage, Janet K. Cooper, Dayton, Ohio, for plaintiff.

Robert B. Nadau, Orlando, Fla., Joseph S. Armanini, Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING IN PART, SUSTAINING IN PART AND DEFERRING RULING IN PART ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 7); PLAINTIFF'S MOTION TO DEFER RULING WITH RESPECT TO DEFENDANT'S SUMMARY JUDGMENT MOTION ON ERISA CLAIM (DOC. # 24) SUSTAINED ON THE BASIS OF TERMS AND CONDITIONS SET FORTH HEREIN

RICE, District Judge.

This case comes before the Court for resolution of Defendant's Motion for Summary Judgment (Doc. # 7).

Although Defendant's Motion refers to Plaintiff's Amended Complaint, since the briefing of this Motion, Plaintiff has obtained leave of Court to file a Second Amended Complaint (Doc. # 19). Count II of the Amended Complaint is basically identical to Count II of the Second Amended Complaint, and the ruling upon Defendant's Motion for Summary Judgment need not vary due to the filing of the Second Amended Complaint. The two Complaints differ in that Count I of the Amended Complaint seeks relief for age discrimination under Ohio Revised Code § 4107.17,[1] while the Second Amended Complaint seeks relief under Ohio Revised Code § 4101.17 as well as under the Federal Age Discrimination in Employment Act (ADEA). To the extent that this difference is significant to the Court's ruling, the Court will address same in this opinion. The two Complaints also differ in the substance of the allegations contained in Count III of each Complaint, a difference which will be addressed in this opinion.

Counsel have already been informed of the majority of this Court's ruling upon

---

1. In Plaintiff's Amended Complaint, Plaintiff alleges that the basis of his claim for relief is Ohio Revised Code § 4107.17 (Doc. # 3). The Court assumes that this is a typographical error, and that relief is sought pursuant to § 4101.17 of the Ohio Revised Code. This typographical error is corrected in Plaintiff's Second Amended Complaint (Doc. # 19).

said motion in a telephone conference call held with the Court. During this telephone conference call, the Court discussed with Plaintiff's counsel the need for Plaintiff's counsel to file a motion pursuant to Fed.R. Civ.P. 56(f) seeking to have the Court defer a ruling upon Defendant's Motion for Summary Judgment upon Count II (the ERISA claim) of the Amended Complaint and Second Amended Complaint. Plaintiff has filed such a motion (Doc. # 24). Defendant has filed a Memorandum *Contra* Plaintiff's Rule 56(f) Motion (Doc. # 25), which the Court finds to have raised certain valid arguments concerning Plaintiff's motion. Accordingly, the Court rules as follows: that Plaintiff's motion is sustained, on the conditions that (1) Plaintiff's counsel file an affidavit in conformance with Fed.R.Civ.P. 56(f) within seven (7) days from receipt of this decision, (2) that Plaintiff take no more than 45 days from receipt of this decision to conduct discovery relevant to his ERISA claim, and (3) that within 30 days thereafter, Plaintiff file any supplemental papers contra the Defendant's motion on this point. The moving Defendant will then have 7 days thereafter within which to file any reply memorandum deemed necessary.

The Court sets out briefly the procedural history of this case in order to assist in this opinion. Defendant employed Plaintiff for a number of years. On or about April 18, 1983, Plaintiff was told by Defendant that he was being relieved of all duties and was being placed on inactive status until April 1, 1986, at which time he would retire at age 62 (Doc. # 19, ¶ 13). On October 12, 1984, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). On January 18, 1985, the EEOC charge was dismissed as untimely filed. On March 21, 1985, Plaintiff filed a charge with the Ohio Civil Rights Commission (OCRC). On April 30, 1985, Plaintiff filed his Complaint in the United States District Court for the Middle District of Florida. This Complaint contained a cause of action for relief under Ohio's Section 4107.17 (§ 4101.17), but did not include a claim under the ADEA.

On May 16, 1985, the OCRC dismissed Plaintiff's charge as untimely filed. On May 29, 1985, Plaintiff filed an Amended Complaint in the District Court in Florida. Again, this Amended Complaint did not include a claim for relief under the ADEA. The case was transferred to this Court from the Middle District of Florida on August 21, 1985. On May 8, 1986, Plaintiff filed a Second Amended Complaint in this Court (Doc. # 19). This Second Amended Complaint, in addition to a claim for relief under Ohio Revised Code § 4101.17, included a claim for relief under the ADEA.

## A. ELECTION OF REMEDIES UNDER OHIO'S AGE DISCRIMINATION STATUTE

█ Plaintiff seeks relief in this Court under Section 4101.17 of the Ohio Revised Code, which allows an employee to institute a civil action in any court of competent jurisdiction regarding a claim of age discrimination in employment. Section 4112.-02(N) also provides a private cause of action under Ohio law for age discrimination. Section 4112.05 permits an individual to file a charge with the OCRC to enforce administratively the rights against age discrimination created by Section 4112.02. Sections 4101.17 and 4112.02(N) both provide that an individual who proceeds under either of these sections is barred from bringing an action under the other statute or from filing a charge with the OCRC pursuant to Section 4112.05. Section 4112.08, in turn, provides that an individual who files a charge with the OCRC is barred from bringing a civil action under either Section 4101.17 or Section 4112.02(N).

In short, the somewhat unusual statutory scheme which the Ohio Legislature has created requires an aggrieved employee to elect between his or her remedies. Defendant contends that it is entitled to summary judgment on Plaintiff's age discrimination claim under Section 4101.17, due to the fact that Plaintiff filed a charge with the OCRC on March 21, 1985, prior to his filing a claim under Section 4101.17 in his Complaint in federal court on April 30, 1985. Defendant reminds the Court that

Section 4112.08 provides that an individual who files a charge with the OCRC is barred from bringing a civil action under either Section 4101.17 or Section 4112.02(N). In *Merkel v. Scovill, Inc.*, 570 F.Supp. 133, 137–38 (S.D.Ohio 1983), the court expressly held that a plaintiff who brings an age discrimination suit under Ohio law after filing a charge with the OCRC is prevented by the state statutory scheme from proceeding with the state age discrimination claim. *See also Ackman v. Ohio Knife Company*, 589 F.Supp. 768 (S.D.Ohio 1984).

The Court must agree with Defendant's reading of the statute and of the case law, and finds that Plaintiff's attempts to deflect Defendant's argument are not persuasive. Plaintiff's position is that he could not have elected an OCRC remedy rather than a judicial remedy given that his OCRC remedy had already expired at the time of his filing due to the 180–day statute of limitations which governs OCRC filings. Plaintiff points out that Plaintiff Cain in *Merkel* and Plaintiffs Testa, Ackman and Martin in *Ackman* had timely filed their charges with the OCRC, while this Plaintiff, on the other hand, filed his OCRC claim *after* the expiration of the 180–day time limit prescribed by statute for such claims with the OCRC. Nothing in the language of the statutes which govern relief for age discrimination in Ohio, however, provides that the hallmark of an election of remedies is a timely filing under one of the three statutes, rather than merely a filing. The word "filing" in the Ohio statutes is not qualified by the requirement that the "filing" have been "timely," and the Court, while recognizing the harsh results in this case, declines to read into the statutory scheme the exception which Plaintiff urges.

Plaintiff Smith avers in ¶ 14 of his Affidavit (Doc. # 12) that he filed his charge of discrimination with the OCRC solely to preserve his right to file suit against Defendant under the ADEA, and not because he intended to pursue a remedy through the Commission. As a factual matter, while Plaintiff may well not be to blame, Plain-

tiff's original Complaint was filed on April 30, 1985, prior to the OCRC's dismissal of his charge. Moreover, that original Complaint did not include a claim under the ADEA. Even had an ADEA claim been included, the approach which Plaintiff *should* have taken would have been for both the federal age claim and the state claim under 4101.17 to have been filed simultaneously. A charge with the OCRC, even if untimely, could then have been filed in order to satisfy the requirements of the ADEA that a state charge of discrimination, even if untimely, be filed before a suit under the ADEA can be pursued. *Oscar Meyer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Such an untimely OCRC filing, filed after the filing of a suit under Section 4101.17, would not have affected Plaintiff's ability to proceed under Section 4101.17. *See Ackman; Merkel*. Unfortunately, this was not the approach followed in Plaintiff's case.

Plaintiff urges that the decision in *Schlosser v. Firestone Tire Company*, 33 FEP Cases 1403 (N.D.Ohio 1983) [Available on WESTLAW, DCTU database], supports his position that he could not have elected an OCRC remedy rather than a judicial remedy given that his OCRC remedy had expired by the time that he attempted to file his charge. The *Schlosser* court, however, did not fully comprehend the Ohio statutory scheme for remedying age discrimination. The *Schlosser* court stated:

The court notes that Section 4101.17(B) states that an individual who files an action pursuant to Section 4101.17 is precluded from filing a charge with the Ohio Civil Rights Commission. *Section 4101.17 does not state that an individual who has filed a complaint with the Ohio Civil Rights Commission is precluded from asserting an action pursuant to 4101.17.* Additionally, the plaintiffs [sic] filing of a complaint with the Ohio Civil Rights Commission after the 180–day period for timely filing has expired does not preclude the [plaintiff] from asserting an action pursuant to

4101.17 of the Ohio Revised Code. (emphasis added)

Unfortunately, the *Schlosser* court makes no mention in its reasoning of Ohio Revised Code § 4112.08, which expressly provides that a person who has filed an OCRC charge under Section 4112.05 is barred from filing a civil action under Section 4101.17. The *Schlosser* court's further assertion, that being that the untimely filing of an OCRC charge does not prevent a civil action from being filed under 4101.17, is likewise predicated upon a reading of the statute which does not embrace Section 4112.08. Accordingly, the Court does not believe *Schlosser* to change its opinion that Plaintiff is precluded from maintaining his claim under Section 4101.17.

Finally, Plaintiff argues that under *Frederickson v. Nye*, 110 Ohio St. 459, 144 N.E. 299 (1924), the mere commencement of an action is not determinative of whether an election of remedies has occurred. The Court agrees with Defendant that the *Nye* court specifically stated that cases involving statutory election of remedies provisions were not governed by the decision in *Nye, id.* at 474, 144 N.E. 299, and moreover that *Nye* involved the common law doctrine of election of remedies when two remedies chosen by the plaintiff are substantively inconsistent.

For the foregoing reasons, the Court concludes that as a matter of law, Plaintiff is barred from proceeding with his state claim of age discrimination under Section 4101.17, and that Plaintiff may no longer pursue relief in Count I of his Second Amended Complaint under Ohio Revised Code Section 4101.17.

## B. WRONGFUL DISCHARGE

Defendant has advanced several theories as to its entitlement to summary judgment on Plaintiff's claim under Ohio law for wrongful discharge. For the reasons set forth briefly below, the Court finds that none of these theories is dispositive, and that a genuine issue of material fact remains for trial on Plaintiff's claim for wrongful discharge.

Defendant's position is that Plaintiff's claim for wrongful discharge in the Amended Complaint addresses the same type of interference with pension rights which is prohibited by ERISA, and thus that this cause of action is pre-empted by Section 514 of ERISA, 29 U.S.C. Section 1144. The Second Amended Complaint which has been filed by Plaintiff largely disposes of this argument. As pled in Count III of the Second Amended Complaint, the focus of the wrongful discharge claim is Plaintiff's reliance upon Defendant's alleged promises, both oral and written, of continued employment.

■ Defendant also claims that Plaintiff's wrongful discharge claim is prohibited by the doctrine of exclusivity of statutory remedies. Defendant's position is basically that federal and state statutes take care of any ills which Plaintiff would seek to assert through a claim for wrongful discharge. This Court must disagree. Nothing in ERISA or the ADEA prohibits Plaintiff from seeking available legal redress from Defendant for other alleged wrongs. *See Ackman*, 589 F.Supp. at 771; *Merkel*, 570 F.Supp. at 140, 141.

■ As mentioned previously in this opinion, Defendant's Motion for Summary Judgment addressed Plaintiff's Amended Complaint. The Amended Complaint did not clearly set forth a wrongful discharge claim premised upon a theory of promissory estoppel. Plaintiff, however, raised such a theory in his Memorandum in Opposition to Defendant's Motion, and Defendant in turn addressed the viability of such a theory in its reply. Thereafter, in the Second Amended Complaint, Plaintiff clearly set forth a cause of action premised upon oral promises made by Defendant's officers to Plaintiff and by written promises of continued employment which are alleged to have been included in two publications which Defendant issued to Plaintiff. *See Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (Ohio 1985).

The Court reminds counsel for Plaintiff that the allegations contained in the Complaint and Amended Complaints are not sufficient to defeat a motion for summary judgment in themselves. *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). While authenticated copies of Defendant's publications have been filed by counsel (Doc. # 10), the Court is unaware of, and Plaintiff does not specify, what portions of these publications created the promises of continued employment which Plaintiff invokes. At least one of the alleged oral promises of Defendant upon which Plaintiff relies, however, is contained in Plaintiff's Affidavit (Doc. # 12). The Court is mindful of the holding in *Mers* that "the facts and circumstances surrounding an oral employment at will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreements explicit and implicit terms concerning discharge." 483 N.E.2d at 151–152. The Court finds that Plaintiff's Affidavit creates a genuine issue of material fact as to the explicit and implicit terms which governed Plaintiff's employment relationship with Defendant.

Accordingly, Defendant's Motion for Summary Judgment is overruled insofar as it seeks dismissal of Plaintiff's claim in Count III of the Second Amended Complaint for wrongful discharge.

## C. CONCLUSION

In summary, this Court sustains Defendant's motion insofar as it seeks dismissal of Plaintiff's state age claim under Ohio Revised Code Section 4101.17. Defendant's motion is overruled insofar as it seeks dismissal of Plaintiff's claim for wrongful discharge. The Court sustains Plaintiff's motion pursuant to Rule 56(f) on the terms and conditions set forth herein, and defers ruling upon Defendant's Motion for Summary Judgment upon Plaintiff's claim in Count II of the Second Amended Complaint under ERISA.