**Wang**
v.
**Goodyear Tire Rubber Co.**
*[Cite as 4 AOA 343]*

*Case No. 14124*
*Summit County, (9th)*
*Decided June 15, 1990*

*William R. Holland, Attorney at Law, 146 S. High St., 807 CitiCenter, Akron, OH 44308, for Plaintiffs.*

*John T. Billick and Vincent J. Tersigni, Attorneys at Law, 50 S. Main St., P.O. Box 1500, Akron, OH 44309, for Defendants.*

CIRIGLIANO, J.

Appellant, Dr. Jin "Jim" L. Wang, brings this appeal from the trial court's order granting the motion of appellee Goodyear Tire & Rubber Co.'s, (Goodyear) for summary judgment in an action alleging a violation of Ohio's age discrimination in employment statute (OADEA) R.C. 4112.02. We affirm.

## FACTS

Appellant, Dr. Wang was hired by Goodyear in 1966 and worked as a senior chemist in the company's research division until his non-recallable layoff in January of 1987. At the time of his layoff, Wang was 49 years old with over 20 years of service.

In 1986, Goodyear implemented an economic reduction in its labor force to combat the resulting financial consequences of a widely publicized hostile takeover attempt by Sir James Goldsmith. Goodyear initially attempted to reduce its work force though a voluntary special retirement program but the program did not yield a sufficient reduction. Goodyear then determined that personnel layoffs would be necessary in order to achieve its reduction goal.

Goodyear based the selection of employees for layoff on job functions designated for elimination and employee's performance ratings. Those employees who ranked consistently well on their performance ratings were retained, transferred or placed on recallable layoff while those employees who performed consistently low were given nonrecallable layoff status. For the three years previous to his layoff, Wang's performance ratings placed him in the lower 20% of his peer performance group. Goodyear placed all employees in the research division whose performance ratings were consistently low and whose job functions were being eliminated on non-recallable layoff. Wang was a member of that group and was placed on permanent layoff effective January 16, 1987.

On July 1, 1987, Wang commenced this lawsuit in the Court of Common Pleas, Summit County against Goodyear and its president. Wang asserted, *inter alia*, a claim of wrongful discharge based upon age discrimination. Appellant's wife, Grace F. Wang, joined in the compliant averring damages for loss of consortium.

Goodyear filed a motion for summary judgment. Appellants then filed in opposition to the summary judgment motion and also filed a motion to compel discovery. The trial court entered summary judgment in favor of Goodyear, constructively denying appellant's motion to compel discovery. The court determined that appellant failed to establish a *prima facie* case of age discrimination and, even if appellant met the threshold burden, he did not present any evidence rebutting the employer's legitimate nondiscriminatory reasons for its actions. Wang presents the following assignments of error.

## ASSIGNMENTS OF ERROR

"II. The trial court erred by invading the province of the trier of fact, a jury, in rendering 'findings of fact' on summary judgment and ruling that there were no genuine issues of material fact as to whether the former employee plaintiff was the victim of unlawful employment discrimination and wrongful discharge by defendant Goodyear and its president because of his age despite direct evidence of record of defendant's facially discriminatory patterns and practices, as well as of such motives and animus, and utter absence of proffer or proof of business or economic justification for the same or of the same outcome without consideration of such illicit factors.

"III. The trial court erred in granting summary judgment by positing that the former employee plaintiff, in invoking an indirect mode or formulation of proof of discriminatory discharge in an allegedly economically necessitated restructuring reorganization, personnel cutback or reduction in force ("RIF"), was unable to establish that he was directly replaced by a younger person in his 'eliminated' job."

Since these two assignments of error are both based upon the trial court's granting of summary judgment, we will jointly address them.

The evidentiary guidelines governing the burdens of proof in discrimination cases were set out in *McDonnell Douglas* v. *Green* (1973), 411 U.S. 792. The Ohio Supreme Court, in *Barker* v. *Scovill, Inc.* (1983), 6 Ohio St. 3d 146, adopted the analytical framework constructed in *McDonnell Douglas* and applied it to age discrimination actions in contravention of OADEA, R.C. 4112.02.

R.C. 4112.02 states in relevant part:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, * * *, that person * * *."

The *McDonnell Douglas* analysis is a three-step procedure that allocates the shifting burdens of production of evidence on the parties. *Barker* at 148. First, the employee must establish a *prima facie* case of age discrimination. Next, the burden of production shifts to the employer to state some legitimate non-discriminatory reasons for the employee's discharge. Finally, the burden shifts back to the employee to show that the employers's stated reasons were a pretext for age discrimination. *McDonnell Douglas, supra; Barker, supra.*

Wang asserts that summary judgment was improper because he successfully presented direct and circumstantial evidence establishing a prima facie case of age discrimination. We disagree.

To make a *prima facie* case, Wang must show that he was in the protected age group (forty-seventy years old), that he was discharged, that he was qualified for the position and that he was replaced by a younger worker. *Barker* at 148. When, as here, there is a plan to reduce the work force due to economic necessity, the employee's *prima facie* burden is somewhat heavier and the mere termination of an employee because of the necessity is insufficient to establish unlawful discrimination. *LaGrant* v. *Gulf and Wester Mfg. Co., Inc.* (C.A. 6, 1981), 748 F. 2d 1087, 1090-91.

In the instant case, the record supports the trial court's conclusion that Wang failed to meet this initial burden of production. The trial court had the following unrebutted evidence before it when it reviewed Goodyear's motion for summary judgment. In an affidavit filed with Goodyear's motion for summary judgment, George Sacco, Manager of Research Administration and Service, stated that he and Dr. Nissim Calderon, Vice President, Goodyear Research Division, met with research employees to discuss the company-wide reduction in work force plan. At that time Sacco explained that should layoffs be required they would be based upon job performance evaluations and job function eliminations. Further, he told the employees that they could consult with him or their supervisors to ascertain their job performance ratings. In his affidavit, Sacco stated that Wang had several meetings with him and Wang's supervisors to discuss Wang's substandard job evaluations for the three previous years.

Seventeen research employees were selected for layoff status. Eleven employees, including Wang, were placed on non-recallable layoff; the six other employees, who had favorable job ratings, were given recallable layoffs. According to Sacco's affidavit, the average age of the eleven non-recallable employees was 37.2 years, while the average age of a research division employee actually increased after the layoffs. Additionally, no one was hired to take Wang's position, and no one assumed Wang's former job duties.

The record does not support Wang's assertion that his position was eliminated for any reason other than legitimate business concerns. In fact, the only evidence Wang offered in an attempt to rebut Goodyear's motion for summary judgment was that Goodyear had knowledge of his age and years of service and this provided the true cause for his discharge. An employer's knowledge of an employee's age and years of service alone is grossly inadequate to establish a prima facie case of age discrimination.

Even assuming *arguendo* that Wang did present a *prima facie* case of age discrimination in his discharge, the trial court found that Wang failed to prove that the employment decision had been motivated by discriminatory animus. *Barker* at 148. Courts have held that economic necessity is a permissible basis for discharging employees, as long as the discharges are implemented in a non-discriminatory fashion. *Sahadi* v. *Reynolds Chemical* (C.A. 6, 1980) 636 F. 2d 1116.

The evidence supports Goodyear's contentions that legitimate business concerns triggered the resulting reduction in work force and that the reduction was performed in a nondiscriminatory manner. We will not attempt to review the soundness of the employer's business judgments.

When a company is faced with a financial crisis, it may face difficult choices in deciding which employees must be laid off to help curtail operating expenses. These decisions may force the employer to eliminate jobs held by employees who are in the protected age group. In those situations, an employee alleging discrimination necessarily has a more difficult time proving the case. *Chappell* v. *GTE Products Corp.* (C.A. 6, 1986), 803 F. 2d 261, 267-68.

In the case at bar, Wang did not present any evidence constituting a *prima facie* case of employment discrimination or rebut the asserted lawful basis for the discharge. Thus, Wang's

failure both to set forth facts constituting a *prima facie* case of age discrimination or to assert an evidentiary argument that the employer's stated lawful basis for the discharge was camouflage for illegal acts warrants the trial court's order granting Goodyear's motion for summary judgment. Accordingly, these assignments of error are overruled.

### ASSIGNMENT OF ERROR I

"The trial court erred, to the substantial prejudice of plaintiffs-appellants, by ignoring, and not ruling upon or even addressing, their motion to compel vitally needed discovery and related motion for a continuance to respond to the motion for summary judgment of defendants-appellees, Goodyear and its president, and by proceeding, instead, to grant summary judgment."

Wang claims that the trial court erred by failing to grant his motion to compel discovery filed after Goodyear's motions for summary judgment and after Wang's motion in opposition to the summary judgment motion. Wang sought discovery of information that, according to Wang, was compiled sometime in "1980 or 1981", at least six years prior to the layoffs. This information consisted of a study of Goodyear's work force that was presented to the company's top management officials. Also, Wang requested information regarding statements made by Goodyear's then chief executive officer, Robert E. Mercer, in July 1988, over a year after the layoffs, in an article of the *Wall Street Journal*. These statements concerned Goodyear's plans to streamline its operations.

The trial court constructively denied the motion to compel discovery by granting appellee's motion for summary judgment. The trial court considered the time the motion was made and the fact that the information sought fell outside the statute of limitations for an OADEA action. See R.C. 4117.02, R.C. 4101.17. The trial court has discretion in controlling the discovery process. *State, ex rel. Doggett,* v. *Gessaman* (1973), 34 Ohio St. 2d 55, 57. After review, we cannot say that the trial court abused its discretion in denying the motion. We, therefore, deny this assignment of error.

### ASSIGNMENT OF ERROR IV

"The trial court erred in granting summary judgment on the plaintiff's wife's claim for loss of consortium, derivative from the former employee plaintiff's tort claim of age discrimination in employment, in breach of the duty of the Ohio statute proscribing such acts."

Wang argues that since he has established a case for age discrimination in violation of OADEA, his wife has a cognizable claim for loss of consortium. A claim for loss of consortium is a derivative action, deriving from a single accident or occurrence. The consortium action would not exist but for the primary action. *Tomlinson* v. *Skolnik* (1989), 44 Ohio St. 3d 11, 14. For the reasons stated, Wang has not established a cause of action because summary judgment was properly granted as to all claims, including tort and contract claims not appealed herein.

Therefore, because appellant has no valid action, appellant's wife cannot maintain a cause of action for loss of consortium. This assignment of error is without merit and accordingly, is denied.

### SUMMARY

We overrule all of the appellant's assignments of error affirm the trial court's order granting appellee's motion for summary judgment as being proper in all respects.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.