BOROWSKI, Appellant,

v.

STATE CHEMICAL MANUFACTURING COMPANY, Appellee.

[Cite as *Borowski v. State Chem. Mfg. Co.* (1994), 97 Ohio App.3d 635.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 66240, 66470 and 66471.

Decided Oct. 18, 1994.

636

638

*Porter, Wright, Morris & Arthur, Terrance L. Ryan, Robert G. Cohn* and *Anthony J. Celebrezze, Jr.,* for appellant.

*William A. Barnett; Hahn, Loeser & Parks, Pat E. Morgenstern–Clarren* and *G. Todd Downs; Gentry & Gentry Co., L.P.A.,* and *Eldred A. Gentry,* for appellee.

NAHRA, Chief Justice.

Appellant, Edwin F. Borowski, is appealing the trial court's grant of summary judgment in favor of appellee, State Chemical Manufacturing Company ("State Chemical") in case No. 66240. Borowski claims State Chemical unlawfully demoted him from his position as district sales manager to a salesman position. State Chemical subsequently appealed the trial court's denial of attorney fees under R.C. 2323.51 in case No. 66470 and denial of attorney fees under Civ.R. 11 in case No. 66471. For Borowski's appeal, we affirm in part and reverse in part. We reverse State Chemical's appeal in case No. 66470 and affirm State Chemical's appeal in case No. 66471.

Appellant filed a complaint with the Ohio Civil Rights Commission ("OCRC"), claiming his demotion violated Ohio age discrimination statutes. The OCRC eventually closed and dismissed the case. Then, appellant filed the complaint in this matter with the Cuyahoga County Court of Common Pleas. The complaint alleged age discrimination under R.C. 4112.99, breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress. The complaint was amended to add a count for retaliation.

Then, appellant filed suit in the United States District Court for the Northern District of Ohio. This complaint alleged age discrimination and retaliation under Section 621 *et seq.*, Title 29, U.S.Code. Appellant also included the common-law tort and contract claims set forth in the state lawsuit.

The federal court granted summary judgment to appellee, finding that appellant had proved a *prima facie* case of discrimination but produced no evidence rebutting the employer's articulated nondiscriminatory reason. See *McDonnell Douglas v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. The federal court declined to exercise jurisdiction over the retaliation claim and the pendent state claims.

Subsequently, the court of common pleas granted summary judgment to appellee on all of appellant's claims.

Appellant's sole assignments of error states:

"The trial court erred in granting State Chemical's motion for summary judgment."

## I. *The Age Discrimination Claim*

The trial court properly granted summary judgment on the age discrimination claim because the federal court's decision on the age discrimination claim is *res judicata*. A claim litigated to finality in the United States district court

cannot be relitigated in a state court when the state claim involves the identical cause of action previously litigated in the federal court and involves the same parties or their privies. *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 25 OBR 89, 494 N.E.2d 1387. Here, the federal and state actions involved the same parties. Appellant argues these suits did not involve the same cause of action because one suit was under the federal Age Discrimination Employment Act ("ADEA") and the other was under Ohio anti-discrimination statutes.

The same "cause of action" does not necessarily involve the same legal basis. See *Rogers, supra.* The test for determining whether two cases involve the same cause of action is: (1) both cases have identical facts creating the right of action and (2) the evidence necessary to sustain each action is identical. *Norwood v. McDonald* (1943), 142 Ohio St. 299, 306, 27 O.O. 240, 243, 52 N.E.2d 67, 71; see *Jehovah's Witnesses, Inc. v. Lakewood* (1984), 20 Ohio App.3d 338, 340, 20 OBR 441, 443–444, 486 N.E.2d 194, 196–197.

The facts surrounding the alleged discriminatory demotion of appellant created the right of action in the state and federal cases. The evidence necessary to sustain a federal and a state age discrimination claim is identical. *Barker v. Scovill* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807; *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439. Appellant argues the federal and state courts have different standards for granting summary judgment in a discrimination case.

Appellant asserts that a state court will not grant summary judgment to the employer if the employee establishes a *prima facie* case under the *McDonnell Douglas* test. According to appellant, the state court, unlike a federal court, will not go further to examine whether the employer offered a legitimate reason for its action and whether the employee offered any evidence to show the reason was a pretext.

Appellant's assertion is incorrect. Ohio courts will grant summary judgment to the employer even if the employee establishes a *prima facie* case, if the employee presents no evidence to rebut the employer's legitimate nondiscriminatory reason. *Hollowell v. Society Bank & Trust* (1992), 78 Ohio App.3d 574, 605 N.E.2d 954; *Wang v. Goodyear Tire & Rubber Co.* (1990), 68 Ohio App.3d 13, 587 N.E.2d 387; *Wilson v. Hupp Co.* (Nov. 25, 1987), Cuyahoga App. No. 54176, unreported, 1987 WL 20474. Appellant misreads *Duvall v. Titan Equip. Corp.* (June 25, 1992), Cuyahoga App. No. 62809, unreported, 1992 WL 146861, where the employer's motion for summary judgment was denied because there was some evidence the employer's articulated reason was a pretext.

Appellant also argues that the federal district court only applied the *McDonnell Douglas* test and did not utilize the direct evidence test set out by the Ohio

Supreme Court in *Kohmescher, supra.* The direct evidence test exists in the federal system as well as the state system. See *Kohmescher,* 61 Ohio St.3d at 504–505, 575 N.E.2d at 441–443, citing *Trans World Airlines, Inc. v. Thurston* (1985), 469 U.S. 111, 121, 105 S.Ct. 613, 621, 83 L.Ed.2d 523, 533. Although not stated in the federal court's opinion in this case, it can be inferred that the federal district judge found there was no direct evidence of discrimination.

■ The federal court's decision on the age discrimination claim involved the same facts and evidence, and thus the same cause of action as the state claim. The judgment of the federal court is *res judicata* to appellant's state law age discrimination claim. Appellee did not waive its right to assert *res judicata* by failing to object when the federal lawsuit was filed. There was no judgment in existence at that time which could be claimed to be *res judicata.* The "waiver" cases cited by appellant differ on their facts. These cases involved separate suits for different damages arising from a single cause of action. See *Fox v. Althorp* (1883), 40 Ohio St. 322; *Shaw v. Chell* (1964), 176 Ohio St. 375, 27 O.O.2d 348, 199 N.E.2d 869.

■ We note *in dicta* that under the facts of this case, appellant's suit under R.C. 4112.99 was not necessarily barred by appellant's prior filing with the OCRC. When appellant filed with the OCRC, he gave the intake officer a signed letter, stating that Borowski was filing only to perfect a claim under the ADEA. The ADEA requires that state administrative proceedings must be initiated before a suit under the ADEA can be filed. Section 633, Title 29, U.S.Code. The letter also stated Borowski did not want the OCRC to investigate, and he intended to file suit directly. Although the OCRC charge form signed by Borowski states, "I understand that upon filing of this charge affidavit with the Ohio Civil Rights Commission, I am barred from instituting any such civil action," this appears to be boilerplate language. Thus, Borowski elected the remedy of filing suit directly, not the administrative remedy.

■ As a general rule, filing with the OCRC precludes a subsequent suit under R.C. 4112.99. R.C. 4112.08; *Pozzobon v. Parts for Plastics, Inc.* (N.D.Ohio 1991), 770 F.Supp. 376; *Schwartz v. Comcorp, Inc.* (1993), 91 Ohio App.3d 639, 633 N.E.2d 551; *Balent v. Natl. Reserve Corp.* (1994), 93 Ohio App.3d 419, 638 N.E.2d 1064. In these cases, the employee did not indicate to the OCRC that he/she did not want an investigation and was filing for ADEA purposes only. Thus, these employees elected the administrative remedy. In *Smith v. Berry* (S.D.Ohio 1986), 654 F.Supp. 11, the employee submitted an affidavit to the trial court saying his intent in filing with the OCRC was solely to preserve his right to file suit under the ADEA. There was no evidence in *Smith v. Berry* that the

employee indicated his intent when he filed the charge, however. Thus, these cases are distinguishable from the case at hand.

Appellee contends the proper procedure appellant should have taken was to first file the federal and state suits, and then file a charge with the OCRC. *Smith, supra,* 654 F.Supp. at 14. While this procedure was available to appellant, we believe the method used by appellant was proper to elect the civil suit remedy. Appellant's suit under R.C. 4112.99 was not barred by filing with the OCRC.

## II. *Breach of Contract and Promissory Estoppel*

Appellant bases his claims of breach of contract and promissory estoppel on the following facts: In 1982, Howard Heller, the National Sales Manager, induced appellant to accept a promotion from salesperson to district sales manager. Heller said that Borowski would never have to carry a bag of sales samples again, as long as he did a good job as district sales manager. Appellant accepted the promotion, giving up a lucrative, "protected" sales territory. Borowski received more monetary compensation when he was promoted. When appellant was demoted back to salesperson, he received an inferior territory and had a loss of earnings. Additionally, neither Heller nor anyone else told appellant that the company could take away salespersons or territory from the district he managed. Appellant believed the company's taking salespeople and territory from his district led to appellant's poor sales figures in 1991 and his demotion.

After Heller made the subject statements to appellant, appellant signed written employment contracts. The contracts stated that either party may terminate the agreement at any time. Additionally, the territories assigned to Borowski could be changed at any time by State Chemical. These express, written terms cannot be varied by prior oral statements, according to the parol evidence rule. See *Rhodes v. Rhodes Industries, Inc.* (1991), 71 Ohio App.3d 797, 595 N.E.2d 441. Thus, these statements did not create an oral contract.

Promissory estoppel does not apply to oral statements made prior to the written contract, where the contract covers the same subject matter. See *Gallant v. Toledo Public Schools* (1992), 84 Ohio App.3d 378, 386, 616 N.E.2d 1156, 1161. Also, appellant's claim for promissory estoppel must fail because appellant has not shown he detrimentally relied on Heller's statements. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. Accepting the district manager position was not detrimental to Borowski because he enjoyed higher earnings for a number of years. Appellant argues he gave up a protected sales territory. The employment contract for salespersons provides that the salesperson's territory can be changed at any time. The territory is only protected from other salespeople selling in that territory. Thus, appellee was

entitled to summary judgment on the breach of contract and promissory estoppel claims.

### III. *Intentional Infliction of Emotional Distress*

Appellant claims appellee intentionally inflicted emotional distress by giving him an inferior sales territory, failing to keep its promise to give him additional accounts, and refusing to pay commissions he was entitled to. Also, Borowski's immediate supervisor was told by management to not help Borowski with his sales.[1] Borowski did not seek any professional treatment for emotional distress.

To sustain a cause of action for intentional infliction of emotional distress, the plaintiff must present evidence of serious emotional distress that is severe and debilitating. Serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759; *Uebelacker v. Cincom Systems, Inc.* (1988), 48 Ohio App.3d 268, 275–276, 549 N.E.2d 1210, 1219–1220. There is no evidence of such serious emotional distress here. Appellant did not seek any professional treatment. No evidence of any changes in appellant's emotional condition was presented. Appellant merely stated he felt bad and harassed. Severe emotional distress goes beyond hurt feelings. *Paugh, supra.* The appellee's conduct was not of such a nature that a reasonable person could not cope adequately.

A plaintiff claiming intentional infliction of emotional distress must also prove that the defendant's conduct was so extreme and outrageous as to go beyond the bonds of decency. *Uebelacker, supra; Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666. Viewing the facts in a light most favorable to appellant, reasonable minds can only conclude that appellee's actions were not extreme and outrageous. Civ.R. 56(C). Therefore, appellee was entitled to summary judgment on this claim.

### IV. *Breach of the Covenant of Good Faith and Fair Dealing*

Ohio does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in the case of a wrongful discharge of an at-will employee. *Mers v. Dispatch Printing Co., supra,* 19 Ohio St.3d at 105, 19

---

1. Appellant's complaint only alleges that appellant was caused emotional distress by his demotion. The complaint can be amended by leave of court if justice so requires. Civ.R. 15(A). Therefore, we will consider the facts occurring subsequent to the demotion as well in analyzing appellant's claim for intentional infliction of emotional distress.

OBR at 265–266, 483 N.E.2d at 154–155; *Kuhn v. St. John & West Shore Hosp.* (1989), 50 Ohio App.3d 23, 552 N.E.2d 240.

## V. *Retaliation*

As discussed above, appellant's suit under R.C. 4112.99 was not barred by appellant's filing with the OCRC. Thus, appellant's retaliation claim is not barred by the OCRC filing. Even if appellant's age discrimination suit was barred because appellant had filed with the OCRC, the retaliation claim is not barred because appellant never filed a retaliation claim with the OCRC. See R.C. 4112.08.

The trial court had jurisdiction over the federal retaliation claim, despite appellant's failure to file a second claim for retaliation with the EEOC. See *Gupta v. E. Texas State Univ.* (C.A.5, 1981), 654 F.2d 411, 414.

Appellant bases his claim of retaliation on the following facts: In June 1992, Mark Fortuna, the zone manager, told appellant he had an unassigned account he was considering giving to appellant, but Fortuna had to, "wait and see how this all comes out." Fortuna stated in deposition that he was referring to how the lawsuit would come out, and also whether a new salesperson would be hired to handle the unassigned territory. Fortuna said that because of the lawsuit, he was unsure if appellant was staying with the company. Appellant had several incidents where appellee would not give him credit for sales because it was disputed whether the account belonged to another salesperson. Appellant eventually received credit for all the disputed sales. Finally, appellant stated in deposition that his immediate supervisor, Angie Merrill, was told by Fortuna and/or Charles Sundvall, the regional manager, not to help appellant with his sales because of the lawsuit. Merrill deposed that Fortuna and/or Sundvall told her appellant did not want her help.

Viewing the evidence in a light most favorable to appellant, reasonable minds can reach different conclusions as to whether appellant was retaliated against because of the lawsuit. Appellant has shown direct evidence of retaliation. See *Kohmescher v. Kroger Co., supra,* 61 Ohio St.3d 501, 575 N.E.2d 439. Appellee did not give appellant a sales account because of the lawsuit. Whether Fortuna's explanation that he was unsure if appellant would stay with the company is a legitimate, nondiscriminatory reason is a question of fact. It is also a question of fact whether appellant would have been assigned the account but for appellant's lawsuit, because State Chemical was considering hiring a new person to handle the account. Summary judgment cannot be rendered in favor of appellee on the retaliation claim because of these genuine issues of material fact.

Accordingly, appellant's assignment of error is sustained as to the retaliation claim, and is otherwise overruled.

## VI.   *State Chemical's Appeals*

State Chemical's third assignment of error is dispositive of State Chemical's first assignment of error.   State Chemical's third assignment of error states:

"The trial court abused its discretion as a matter of law when it denied appellant's motion to award attorney's fees for frivolous conduct without first conducting a hearing."

The trial court erred and abused its discretion by denying appellant's R.C. 2323.51 motion for attorney fees for frivolous conduct, without holding an evidentiary hearing.   *Bradley Assoc. v. AgriWorld Trade Dev.* (1991), 76 Ohio App.3d 699, 602 N.E.2d 1264; *Belfiore v. Natl. Eng. & Contracting Co.* (1991), 71 Ohio App.3d 142, 593 N.E.2d 85.   Case No. 66470 must be remanded to the trial court to conduct a hearing on the R.C. 2323.51 motion for attorney fees.

Accordingly, this assignment of error is sustained.

State Chemical's first assignment of error states:

"The trial court erred when it denied appellant's motion to award attorney's fees for frivolous conduct pursuant to Ohio Revised Code § 2323.51."

Based on our resolution of State Chemical's third assignment of error, we need not address this first assignment of error.   See App.R. 12.

State Chemical's second assignment of error states:

"The trial court erred when it denied appellant's motion for attorney's fees pursuant to Rule 11 of the Ohio Rules of Civil Procedure."

This court has held that a hearing is not required before the trial court can rule on a motion for attorney fees under Civ.R. 11.   *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77, 88, 616 N.E.2d 507, 514; see *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772;  and *Weiner, Orkin, Abbate & Suit v. Nutter* (1992), 84 Ohio App.3d 582, 617 N.E.2d 756;  cf. *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 591 N.E.2d 402 (Franklin County), and *McCutcheon v. Brooks* (1988), 37 Ohio App.3d 110, 524 N.E.2d 202 (Franklin County).

The trial court's decision to deny Civ.R. 11 sanctions can only be reversed if the trial court abused its discretion.   *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.   Civ.R. 11 states in pertinent part:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"

To establish a violation of Civ.R. 11, the movant must show either that the attorney knew or deliberately failed to discover that there were not good grounds to support the pleading, or that the purpose of pleading was for delay. See *Weiner* and *Kemp, supra.*

In this case, State Chemical claims Borowski's attorney violated Civ.R. 11 by:

(1) Including a claim for intentional infliction of emotional distress in the complaint when the evidence did not support such a claim,

(2) Including a claim for negligent infliction of emotional distress and breach of the covenant of good faith and fair dealing, when Ohio law does not recognize these claims, and

(3) Filing a motion to strike State Chemical's reply to Borowski's response to defendant's motion for summary judgment.

There is no evidence plaintiff's attorney knew when the complaint was filed that the facts did not support the claim of emotional distress. See *Weiner* and *Kemp, supra.* The inclusion of negligent infliction of emotional distress and breach of good faith claims appears to be a negligent misinterpretation of existing law. There is nothing to show the plaintiff's attorney acted wilfully. *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 610 N.E.2d 1076. Plaintiff's motion to strike was supported by good grounds, although the motion was denied. There is no evidence the purpose of the motion to strike was to delay the proceedings. Thus, the trial court did not abuse its discretion in denying Civ.R. 11 sanctions.

Accordingly, this assignment of error is overruled.

State Chemical's appeal No. 66470 is reversed and remanded for a hearing on the motion for attorney fees pursuant to R.C. 2323.51. State Chemical's appeal No. 66471 (Civ.R. 11 sanctions) is affirmed.

Edwin Borowski's appeal No. 66420 is reversed and remanded as to the retaliation claim and is otherwise affirmed.

This cause is affirmed in part and reversed in part in case No. 66240, reversed and remanded in case No. 66470, and affirmed in case No. 66471.

*Judgment accordingly.*

PATTON and BLACKMON, JJ., concur.