{¶ 22} I concur in the majority's conclusion that the terms of the offer letter are too indefinite to give rise to an enforceable contract. Bisbee v. Grogan Chrysler-Plymouth, Inc. (July 10, 1992), Lucas App. No. L 91-323.
 {¶ 23} Similarly unpersuasive is plaintiff's promissory estoppel claim based on defendant's statement that plaintiff would be granted stock options "significant enough" to render her financially secure in the "near future." The claim initially raises the issue of whether promissory estoppel applies "`to oral statements made prior to the written contract, where the contract covers the same subject matter.'" Clark v. Collins Bus Corp. (Feb. 9, 2000), Allen App. No. 1-99-30, quoting Borowski v. State Chem. Mfg. Co. (1994), 97 Ohio App.3d 635, 643. Even if the rule stated in Clark does not eliminate plaintiff's promissory estoppel claim, the language on which plaintiff relies is too indefinite to support a promissory estoppel claim. Cf. Wing v. Anchor Media Ltd. (1991), 59 Ohio St.3d 108, syllabus ("[a] promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine").
 {¶ 24} For the foregoing reasons, I concur in the majority's decision to affirm the judgment of the trial court.