DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Speedway SuperAmerica LLC, defendant below and appellee herein.
 {¶ 2} Shannon Worthington dba S.E.W. Maintenance, plaintiff below and appellant herein, raises the following assignment of error:
i. "The trial court erred in granting summary judgment to defendant, when genuine issues of material fact existed and relying on the statute of frauds and parole [SIC] evidence rule in granting summary judgment."
 {¶ 3} In 1989, appellant began working for appellee to replace and repair signs.[1] On April 4, 1997, appellant and appellee entered into a written contract regarding appellant's employment. The contract (1) provided that it would end on December 31, 1999, but "shall be extended until completion of any Work in progress at the end of the term hereof.; (2) provided that it could be terminated at any time; and (3) contained an integration clause as follows:
i. "This Agreement is intended by the parties as the final, complete and exclusive statement of the terms, conditions and specifications of their agreement and is intended to supersede all previous agreements and understandings between the parties relating to its subject matter. No prior stipulation, agreement, understanding or course of dealing between the parties or their agents with respect to the subject matter of this Agreement shall be valid or enforceable unless embodied in this Agreement. No amendment, modification, termination notice or waiver of any provision of this Agreement shall be valid or enforceable unless in writing and signed by the party to be charged. This Agreement shall supersede, and shall not be modified or amended in any way by the printed terms of any work order, purchase order, proposal, quotation or other document issued by either party pursuant to this Agreement or in connection with the Work."
 {¶ 4} In March of 1999, appellee terminated the contract. On February 25, 2002, appellant filed a complaint against appellee for breach of contract and asserted a promissory estoppel claim.[2] He claimed that in late February or early March of 1997, before he signed the April 4, 1997 contract, one of appellee's representatives, R. David Pence, assured appellant that if he purchased additional pieces of equipment, appellee would continue to give him work. In July of 1997, appellant purchased additional equipment.
 {¶ 5} Subsequently, appellee filed a summary judgment motion and argued, in part, that appellant's promissory estoppel claim based upon the alleged oral representations fails under the parol evidence rule and the statute of frauds. Appellee argued that the April 4, 1997 contract reflects the parties' entire agreement and that it did not breach the contract. Appellee further contended that appellant's remaining claims lacked merit.
 {¶ 6} In response, appellant asserted that genuine issues of material fact remained regarding the doctrine of promissory estoppel. In support of his argument, appellant referred to the affidavit of appellee's maintenance manager, R. David Pence. Pence stated in his affidavit that he entered into an agreement with appellant that if appellant purchased certain equipment, appellee would guarantee appellant future work.
 {¶ 7} On March 3, 2003, the trial court granted appellee's summary judgment motion. The court determined that appellant's promissory estoppel claim must fail because it directly contradicted the express terms of the subsequent written contract. The court further concluded that appellant's remaining claims were without merit. Appellant filed a timely notice of appeal.
 {¶ 8} In his sole assignment of error, appellant argues that the trial court improperly entered summary judgment in appellee's favor. He asserts that genuine issues of material fact remain regarding the doctrine of promissory estoppel.
 {¶ 9} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer
(2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786.
 {¶ 10} Civ.R. 56(C) provides, in relevant part, as follows:
 {¶ 11} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 12} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 13} Promissory estoppel is an equitable doctrine. The doctrine provides:
 {¶ 14} "`[A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'"
 {¶ 15} Talley v. Teamsters Local No. 377 (1976),48 Ohio St.2d 142, 146, 357 N.E.2d 44 (quoting Restatement of Contracts 2d (1973), Section 90); see, also Mers v. Dispatch Printing Co.
(1985), 19 Ohio St.3d 100, 483 N.E.2d 150. The doctrine will not apply, however, to contradict the terms of a subsequent written contract. "Promissory estoppel does not apply to oral statements made prior to the written contract, where the contract covers the same subject matter." Borowski v. State Chem. Mfg. Co. (1994),97 Ohio App.3d 635, 643, 647 N.E.2d 230 (citing Gallant v.Toledo Pub. Schools (1992), 84 Ohio App.3d 378, 386,616 N.E.2d 1156); see, also, Marbury v. Central State University (Dec. 14, 2000), Franklin App. No. 00AP-597.
 {¶ 16} Furthermore, when the parties have entered into a completely integrated written contract, the parol evidence rule prohibits extrinsic evidence, including alleged prior oral agreements, that contradicts the written document. See Ed Schory Sons, Inc. v. Soc. Nat'l. Bank (1996), 75 Ohio St.3d 433, 440,662 N.E.2d 1074. Thus, "`an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms.'" Id. (quoting MarionProd. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,533 N.E.2d 325, paragraph three of the syllabus). The rule prohibits a party to a written contract from varying, contradicting, or adding to the terms of the written contract with evidence of prior or contemporaneous agreements, either written or oral. Id.;Natl. City Bank, Akron v. Donaldson (1994), 95 Ohio App.3d 241,245, 642 N.E.2d 58, 60-61.
 {¶ 17} A corollary principle of the parol evidence rule is "contract integration." TRINOVA Corp. v. Pilkington Bros.
(1994), 70 Ohio St.3d 271, 275, 638 N.E.2d 572; see, also,Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801,808, 742 N.E.2d 674. To say that a contract is integrated means that a court will presume that a complete and unambiguous written contract embodies the parties' final and complete agreement. SeeFontbank, 138 Ohio App.3d at 808. The presumption is strongest when the written agreement contains a merger or integration clause expressly indicating that the agreement constitutes the parties' complete and final understanding regarding its subject matter. Id. Thus, if the contract is integrated, "evidence of prior or contemporaneous agreements or negotiations is not admissible to contradict a term of the writing." Restatement of the Law 2d, Contracts, Section 215; see TRINOVA, supra;Burton, Inc. v. Durkee (1952), 158 Ohio St. 313,109 N.E.2d 265, paragraph two of the syllabus ("Where parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, the parol evidence rule excludes from consideration evidence as to other oral promises resulting from such negotiations.").
 {¶ 18} In Kashif v. Cent. State Univ. (1999),133 Ohio App.3d 678, 683-684, 729 N.E.2d 787, the court determined that the plaintiff could not rely upon the doctrine of promissory estoppel when to do so would contradict the express terms of the parties' written contract. In reaching its decision, the court relied upon the Ohio Supreme Court's decision in Schory and its prior decision in Lippert v. Univ. of Cincinnati (Oct. 3, 1996), Franklin App. No. 96API03-349. The court explained:
 {¶ 19} "In Schory, the Supreme Court held that, where a contractor and lender had entered into a written agreement, the contractor could not introduce parol evidence of an alleged oral agreement to assert promissory estoppel.
i. In Lippert, supra, the plaintiff alleged that he had been promised a three-year tenure-track professorship at a university, as well as a subsequent promise to convert his one-year visiting professorship into a full-time tenure-track position and to place him first in line for the next tenure-track position. The trial court granted summary judgment in favor of the university, based on the provisions of the written contract. On appeal, plaintiff alleged that the trial court erred in failing to consider his promissory estoppel claim. Relying on the Supreme Court's holding in Schory, supra, this court in Lippert rejected plaintiff's promissory estoppel argument, holding:
ii. "While this court allows promissory estoppel claims to be argued alternatively to breach of contract claims * * *, the oral agreement on which the promissory estoppel claim is based cannot be used to alter the unambiguous written contract. Schory.
Under the facts of this case, where a written contract is properly determined to be unambiguous, the trial court does not err in entering summary judgment, barring the promissory estoppel claim."
 {¶ 20} The court thus held that because the plaintiff had signed a written agreement governing his employment, the plaintiff could not "invoke the doctrine of promissory estoppel on the basis of alleged promises that contradict that written contract." Id. at 684;[3] see, also, Rucker v. EverenSecurities, Inc., Cuyahoga App. No. 81540, 2003-Ohio-1166 (concluding that trial court properly entered summary judgment on the plaintiff's promissory estoppel claim when it was based upon oral representations that contradicted the express terms of the parties' completely integrated written contract).
 {¶ 21} In the case at bar, appellant's promissory estoppel claim is based upon statements that contradict the completely integrated written agreement governing appellant's employment and that were made before the parties signed the completely integrated written agreement. In his deposition, appellant stated that the oral statements forming his promissory estoppel claim were made in February or March of 1997. The parties signed the contract in April of 1997. The contract contains an integration clause. Thus, under the parol evidence rule, the prior, oral statements are not admissible to contradict the terms of the writing and his promissory estoppel claim is barred.
 {¶ 22} While appellant claims that genuine issues of material fact remain, they do only if his promissory estoppel is not barred. Because we conclude that it is, however, no genuine issues of material fact remain for resolution at trial, and the court properly entered summary judgment in appellee's favor.
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
i. JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] We have taken some of the facts recited above directly from appellee's brief. Appellee supports the facts by citing to appellant's deposition, which appellee attached to its summary judgment motion. Appellee did not file the deposition.
Civ.R. 56(C) directs the court to consider only "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." When the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate. Bowmer v. Dettelbach (1996),109 Ohio App.3d 680, 684, 672 N.E.2d 1081; Rinehart v. W. LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 214, 219,621 N.E.2d 1365; Boydston v. Norfolk S. Corp. (1991),73 Ohio App.3d 727, 731, 598 N.E.2d 171, fn. 2; Ohio City Orthopedics,Inc. v. Medical Billing And Receivables, Inc., Cuyahoga App. No. 81930, 2003-Ohio-1881 (when opposing party did not object to moving party's attaching of non-filed deposition transcripts, appellate court would consider such evidence); Freshour v.Radcliff (July 20, 1993), Ross App. No. 1941.
Because appellant did not object to appellee's reference to his unfiled deposition, we will consider the evidence.
[2] Appellant also raised a partial performance claim and a claim that appellee discredited appellant within the industry. Appellant has not raised an argument concerning either claim.
[3] The court cited several other cases that also had refused to apply promissory estoppel when to do so would contradict the terms of a written agreement. See Borowski v. State Chem. Mfg.Co. (1994), 97 Ohio App.3d 635, 643, 647 N.E.2d 230, 235
("Promissory estoppel does not apply to oral statements made prior to the written contract, where the contract covers the same subject matter"); Gallant v. Toledo Pub. Schools (1992),84 Ohio App.3d 378, 386, 616 N.E.2d 1156, 1161 (promissory estoppel claim does not apply to vary terms of written limited one-year contract); Warren v. Trotwood-Madison City School Dist. Bd. ofEdn. (Mar. 19, 1999), Montgomery App. No. 17457 ("promissory estoppel is inconsistent with the existence of an express written contract"); Freeman v. Montessori School of Bowling Green, Inc.
(Sept. 2, 1994), Wood App. No. 93WD098, (doctrine of promissory estoppel does not apply "because appellant was employed by a written limited one-year contract").