[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Fred Blankenship worked as a sales representative for defendant-appellee William Ryan Homes, Inc., on an at-will-employment basis. In 1997, Blankenship signed an employment contract that set forth Ryan Homes's policy for the payment of commissions. Under the contract, Blankenship was to receive two-thirds of his commission upon loan approval, and the final one-third upon closing. The contract further provided the following:
 If employment is terminated prior to commission being earned (home closing) any pre-payments made shall be considered earned only upon closing of the particular home. Pre-payments not yet made on particular home at time of termination shall not be made upon the eventual closing of a particular home.
Blankenship worked under the terms of the contract until he voluntarily terminated his employment with Ryan Homes in 1998. Blankenship filed suit against Ryan Homes, claiming that he was entitled to commissions for homes upon which closings had occurred after he terminated his employment. In a single assignment of error, he now appeals from the trial court's decision granting summary judgment in favor of Ryan Homes.
Because summary judgment presents only questions of law, an appellate court independently reviews the entry of summary judgment de novo.[1]
To prevail on a motion for summary judgment, the moving party "must identify those portions of the record that demonstrate an absence of a genuine issue of material fact."[2]
To uphold the entry of summary judgment under Civ.R. 56(C), a reviewing court must determine that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party."[3]
Blankenship argues that, despite the language of the employment contract, it was the practice of Ryan Homes to pay commissions following termination of employment for sales procured prior to the termination of employment, that he believed that he would be paid such commissions, and that he had been told that such commissions would be paid.
We hold that the trial court correctly determined that there were no genuine issues of material fact concerning the post-termination commissions, and that Ryan Homes was entitled to judgment as a matter of law. Under the parol evidence rule, extrinsic evidence may not be introduced to vary the terms of the clear and unambiguous written contract.[4] Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Polen v. Baker (2001), 92 Ohio St.3d 563, 564-565,752 N.E.2d 258, 260.
[2] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274; see, also, Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241, 245, citing State ex rel. Cassels v. Dayton City SchoolDist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150,152.
[4] See Alexander v. Buckeye Pipe Line Co., (1978), 53 Ohio St.2d 241,246, 374 N.E.2d 146, 150; Hairston v. Kinney, Inc. (Apr. 8, 1981), Hamilton App. No. C-800184, unreported; Kashif v. Central State Univ. (1999), 133 Ohio App.3d 678, 729 N.E.2d 787.