[Cite as *Selzer v. Union Home Mtge. Corp.*, 2026-Ohio-38.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

GREG SELZER,                                                      :

    Plaintiff-Appellant,                              :

                                    No. 114959

    v.                                                        :

UNION HOME MORTGAGE
CORPORATION,                                               :

    Defendant-Appellee.                             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 8, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-992761

---

*Appearances:*

Thorman Petrov Group Co., LPA and Daniel P. Petrov,
*for appellant.*

Barnes & Thornburg LLP, Jason T. Clagg, Kristopher J.
Armstrong, and Douglas M. Oldham, *for appellee.*

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiff-appellant Greg Selzer ("Selzer") appeals from the trial court's

judgment entry granting defendant-appellee Union Home Mortgage Corporation's

("UHM") motion for summary judgment. For the following reasons, we reverse and remand.

## I. Factual and Procedural History

{¶ 2} On February 13, 2024, Selzer filed a complaint against his former employer UHM, alleging age discrimination under R.C. Ch. 4112. Selzer alleged that in March 2022, under the pretense of a reduction in force ("RIF"), UHM terminated him from his employment as a loan officer assistant. Selzer was 64 years old at the time of his termination, and he alleged that UHM terminated him five months after hiring Bernadette Semick, a lesser-qualified 31-year-old, to replace Selzer.

{¶ 3} On March 22, 2024, UHM filed an answer.

{¶ 4} On November 14, 2024, UHM filed a motion for summary judgment. On December 4, 2024, Selzer filed a brief in opposition to UHM's motion for summary judgment. On December 12, 2024, UHM filed a reply brief in support of its motion for summary judgment.

{¶ 5} On March 27, 2025, the court granted UHM's motion for summary judgment. In a corresponding journal entry, the court stated, in relevant part:

> Before the court is defendant's motion for summary judgment. The motion is fully briefed and ripe for consideration.
>
> Plaintiff's complaint includes one count only for age discrimination in violation of R.C. 4112. To prevail, plaintiff must prove that he: (1) is a member of a protected class; (2) was subject to an adverse employment decision; (3) is qualified for his position; and (4) was replaced by a substantially younger person or a similarly situated non protected employee was treated more favorably. Leeds v. Weltman, Weinberg & Reis Co., L.P.A., 8th Dist. Cuyahoga No. 110348, 2021-Ohio-4123, para. 36. Additionally, if plaintiff's position was eliminated as a result of a series of reductions in force (hereafter

"RIF"), the fourth element is modified to require plaintiff to provide additional evidence proving that age was a factor in the termination decision. Id. at para. 37.

In this case, after reviewing the evidence in a light most favorable to the plaintiff, the court finds there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law. Plaintiff cannot maintain a prima facie case of age discrimination, especially considering plaintiff was discharged during RIF.

For the foregoing reasons, defendant's motion for summary judgment, filed 11/14/2024, is granted. Judgment is hereby granted in favor of defendant against plaintiff. Case is dismissed with prejudice. Final.

{¶ 6} Selzer filed a timely notice of appeal and now raises three assignments of error for our review:

I. The trial court erred when it failed to evaluate in any way Selzer's presentation of direct evidence of age discrimination under the direct method of proof, which was sufficient to withstand summary judgment.

II. The trial court erred when it failed to determine that Selzer established a prima facie case of age discrimination.

III. The trial court erred by failing to consider the overwhelming evidence of pretext Selzer offered.

## II. Law and Analysis

{¶ 7} We review an appeal from summary judgment under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15 (8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000). As such, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997).

**{¶ 8}** A party is entitled to summary judgment pursuant to Civ.R. 56(C) if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriately granted if the record provides

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.*, 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679 (1995), paragraph three of the syllabus. "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If that burden is met, then the nonmoving party has the burden to set forth facts that there remain genuine issues of material fact precluding summary judgment. *Id.*

**{¶ 9}** Evidence permitted by Civ.R. 56(C) is limited to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Kiser v. United Dairy Farmers*, 2023-Ohio-2136, ¶ 14 (10th Dist.). Further, affidavits made in support of motions for summary judgment are governed by Civ.R. 56(E), which provides that "'[s]upporting and opposing affidavits shall be made on personal knowledge, shall

set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'"  *Id.*, quoting Civ.R. 56(E).

{¶ 10}  "'Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment.'"  *Gibbs v. Mark Porter Autoplex*, 2023-Ohio-3460, ¶ 15 (4th Dist.), quoting *Murphy v. Reynoldsburg*, 1992-Ohio-95, paragraph one of the syllabus.  Failure to comply with this requirement constitutes reversible error.  *Id.*

{¶ 11}  R.C. 4112.02(A) makes it an unlawful discriminatory practice for any employer to discharge an employee without just cause because of age.  Age-discrimination claims can be proven in one of two ways: with direct evidence of discrimination or by establishing a prima facie case of discrimination.  *Karsnak v. Chess Fin. Corp.*, 2012-Ohio-1359, ¶ 14 (8th Dist.).  Selzer asserts that summary judgment here was improper under either method.

{¶ 12}  "The direct evidence method, contrary to its name, can utilize either direct or circumstantial evidence 'to show that an employer more likely than not was motivated by discriminatory intent.'"  *Dobozy v. Gentek Bldg. Prods.*, 2000 Ohio App. LEXIS 5469, *8 (8th Dist. Nov. 22, 2000), quoting *Mauzy v. Kelly Servs., Inc.*, 1996-Ohio-265, ¶ 29.  The Ohio Supreme Court has clarified that "the phrase 'direct evidence of age discrimination' is indicative of a method of proof, not a type of evidence" and "is, in a sense, a misnomer."  *Mauzy* at ¶ 29.  To successfully utilize the direct-evidence method, Selzer must have presented evidence that, if believed

by a jury, would prove that UHM acted with discriminatory intent. *Karsnak* at ¶ 15, citing *Nagle v. Calumet Park*, 554 F.3d 1106, 1114 (7th Cir. 2009).

{¶ 13} Absent direct evidence of age discrimination, a plaintiff seeking to establish a prima facie case must show that he or she

> (1) is a member of a protected class, (2) was subject to an adverse employment decision, (3) is qualified for the position, and (4) was replaced by a substantially younger person or a similarly situated nonprotected employee was treated more favorably.

*Id.* at ¶ 36, citing *Mauzy* at ¶ 15.

## A. Direct Evidence of Age Discrimination

{¶ 14} In Selzer's first assignment of error, he argues that the trial court erred when it failed to evaluate Selzer's presentation of direct evidence of age discrimination under the direct method of proof, which was sufficient to withstand summary judgment. Selzer argues that his proximity to retirement was the reason he was selected for termination and this satisfies the direct method of proof of age discrimination.

{¶ 15} In support of this argument, Selzer points to frequent comments inquiring as to his retirement plans; the comments were made by numerous UHM employees who had supervisory authority over Selzer. Selzer further points to an email from Susan Stevenson ("Stevenson"), a vice president with UHM who was involved in the decision to terminate Selzer, in which Stevenson stated that Selzer "keeps saying he will retire but hasn't." According to UHM senior vice president of mortgage operations Jill Ross, the purpose of Stevenson's email containing this

statement was to "communicate the reasons that [Selzer was] being included on the termination list."

{¶ 16} Selzer argues that other courts have concluded that an employer's consideration of an employee's potential longevity with the company "is nothing more than a proxy for age" and therefore constitutes direct evidence of age discrimination. *Sharp v. Aker Plant Servs. Group*, 726 F.3d 789, 800 (6th Cir. 2013).

{¶ 17} We reiterate that in this context, "'[d]irect evidence is evidence that, if believed requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Grubach v. Univ. of Akron*, 2020-Ohio-3467, ¶ 51 (10th Dist.), quoting *Ceglia v. Youngstown State Univ.*, 2015-Ohio-2125, ¶ 16 (10th Dist.). In determining whether an employer's statements constitute direct evidence of age discrimination, courts must consider the following four factors:

> (1) whether the statements were made by a decision-maker or by an agent within the scope of his employment; (2) whether the statements were related to the decision-making process; (3) whether the statements were more than merely vague, ambiguous or isolated remarks; and (4) whether they were made proximate in time to the act of termination.

*Id.* at ¶ 52, quoting *Ceglia* at ¶ 17.

{¶ 18} This court has held that the use of the word "retire" by itself is not sufficient direct evidence of age discrimination. *Karsnak*, 2012-Ohio-1359, at ¶ 20 (8th Dist.), citing *Scott v. Potter*, 182 Fed. Appx. 521, 526 (6th Cir. 2006). Here, however, the record contains evidence that Selzer's supervisors frequently asked

him about his retirement plans, and moreover, a UHM representative testified in her deposition that Selzer's proximity to retirement was a factor UHM considered in Selzer's termination. The comments were made by UHM decision makers in the scope of their employment, the comments were related to the decision-making process, and they were made close in time to the decision. Further, considering the pattern of Selzer's supervisors inquiring about and commenting on his retirement plans, the statement in Stevenson's email was not isolated or ambiguous.

{¶ 19} Viewing the evidence in the light most favorable to Selzer as we are required to do pursuant to Civ.R. 56, Selzer has created a genuine issue of material fact such that reasonable minds could disagree as to whether Selzer suffered age discrimination. Therefore, the trial court erred in granting summary judgment in favor of UHM. Selzer's first assignment of error is sustained.

## B. Prima Facie Case

{¶ 20} In his second assignment of error, Selzer argues that the trial court erred when it failed to determine that Selzer established a prima facie case of age discrimination.

{¶ 21} Our resolution of Selzer's first assignment of error concluded that Selzer presented direct evidence of age discrimination sufficient to withstand summary judgment. Because direct evidence of age discrimination is sufficient to withstand summary judgment and to establish a prima facie case, we need not consider whether Selzer separately established a prima facie case through indirect

evidence.  *Mauzy*, 1996-Ohio-265 at ¶ 16.  Therefore, Selzer's second assignment of

error is moot.

**C. Pretext**

{¶ 22} In his third assignment of error, Selzer argues that the trial court

erred by failing to consider the overwhelming evidence of pretext that Selzer offered.

{¶ 23} The Ohio Supreme Court has adopted the analytical framework

articulated in the United States Supreme Court case *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792 (1973), regarding burdens of proof in discrimination cases.

*Barker v. Scovill, Inc., Schrader Bellows Div.*, 6 Ohio St.3d 146 (1983).  The

*McDonnell Douglas* analysis involves a three-step procedure that allocates the

shifting burdens of production of evidence to the parties:

> First, the employee must establish a prima facie case of age
> discrimination.  Next, the burden of production shifts to the employer
> to state some legitimate non-discriminatory reasons for the
> employee's discharge.  Finally, the burden shifts back to the employee
> to show that the employer's stated reasons were a pretext for age
> discrimination.

*Leeds v. Weltman, Weinberg & Reis Co., L.P.A.*, 2021-Ohio-4123, ¶ 35 (8th Dist.),

citing *Wang v. Goodyear Tire & Rubber Co.*, 68 Ohio App.3d 13, 16 (9th Dist. 1990).

{¶ 24} Because we have already concluded, however, that summary

judgment was inappropriate, we need not consider whether UHM's stated reasons

for Selzer's termination were a pretext.  *See Kohmescher v. Kroger Co.*, 61 Ohio

St.3d 501, 505 (1991), citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111,

121 (1985) (finding the *McDonnell Douglas* test inapplicable where the plaintiff

presents direct evidence of discrimination).  Therefore, Selzer's third assignment of error is moot.

{¶ 25} Judgment reversed, and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
WILLIAM A. KLATT, JUDGE*

MICHAEL JOHN RYAN, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)